IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02381–WYD–KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS L. MORRIS, individually and d/b/a NUMBERS AND BEYOND,

    Defendant.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

The United States brought this action seeking to enjoin Defendant from acting as a tax return preparer under 26 U.S.C. §§ 7402, 7407, 7408. (Compl., ¶ 1). This matter is before the court on Defendant's "Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction" (Doc. No. 11, filed December 30, 2009 [hereinafter "Mot."].). Plaintiff filed its "Response in Opposition to Defendant's Motion to Dismiss" on January 6, 2010. (Doc. No. 13 [hereinafter "Resp.].) Defendant filed his "Response to Opposition to Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction" on January 22, 2010. (Doc. No. 14 [hereinafter "Reply"].) This motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

In its Complaint, the United States alleges that Defendant prepared and filed over 140 frivolous tax returns in 2008 and 2009, requesting fraudulent refunds on behalf of his customers

totaling over $55 million. (Compl., ¶ 23.) The United States alleges that Defendant's fraudulent return preparation resulted in the Internal Revenue Service ("IRS") issuing at least $1.9 million in erroneous refunds. (*Id.*, ¶ 27.) The United States alleges Defendant uses a scheme that is part of a growing trend amongst tax defiers to file frivolous tax returns and Forms 1099-OID (or to claim false original issue discount income) in an attempt to escape their federal tax obligations and obtain large refunds from the IRS. (*Id.*, ¶ 23.)

Defendant seeks dismissal on the basis that this Court lacks subject matter jurisdiction because 26 U.S.C. §§ 7402, 7407, and 7408 have no corresponding "implementing regulation" and that Plaintiff has failed to state a claim for which relief can be granted. (Mot.,¶¶ 2, 3.)

## STANDARD OF REVIEW

1. **Pro Se** *Defendant*

Because Defendant is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction

rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

3.  *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

4

Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendant contends, *inter alia*, (1) there is no evidence that this Court has jurisdiction under the United States Constitution, under federal law, or under diversity of citizenship (Mot., ¶ 1); (2) that 26 U.S.C. §§ 7402, 7407, 7408 "have no implementing regulation and no parallel table of authority and as such no legal cause of action exists . . . ." (*id.*, ¶ 2); (3) that "there is no remedy at law admitting that no laws are at issue and there is no evidence to the contrary" (*id.*, ¶ 3); (4) that Plaintiff's case is an attempt to interfere with private commercial and contract activities of the defendant (*id.*, ¶ 4); (5) Plaintiff's claims are "worded and presented as malicious attacks . . ." (*id.*, ¶ 5); (6) that the Bible is the accepted law of the land for this country and the courts, and the United States is an ecclesiastical corporation enjoying a co-agency relationship with the United Kingdom . . ." (*id.* at 3); and (7) that this case has been brought because of "legal bias" (*id.*). The court has reviewed Defendant's contentions and, for the following reasons, finds them without merit.

Title 26 U.S.C. Section 7402 provides for entry of a preliminary injunction upon the showing by the United States that such an order "may be necessary or appropriate for the

enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 7407 of Title 26 U.S.C. provides for entry of a preliminary injunction prohibiting a party from acting as an income tax return preparer where the United States shows a likelihood of success on the merits of a claim "that [Defendant] has continually or repeatedly engaged in [proscribed] conduct . . . , and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title." 26 U.S.C. § 7407(b)(2). Under section 7408, the United States must demonstrate a likelihood of success on the merits "(1) that [Defendant] has engaged in any specified conduct, and (2) that injunctive relief is appropriate to prevent recurrence of such conduct." 26 U.S.C. § 7408(b).

To the extent Defendant claims that 26 U.S.C. §§ 7402, 7407, and 7408 have no corresponding "implementing regulation" which would confer jurisdiction on this Court, this argument has been repeatedly rejected as lacking merit. Section 7805(a) of the Internal Revenue Code "is a general grant of authority by Congress to the Commissioner to promulgate-as necessary-'interpretive regulations' stating the agency's views of what the existing Code provisions already require." *Granse v. United States*, 892 F. Supp. 219, 224 (D. Minn. 1997), *aff'd* 112 F.3d 513 (8th Cir.1997) (citing *E.I. duPont. de Neumours & Co. v. Comm'r of Internal Revenue*, 41 F.3d 130, 135 and n.20 (3rd Cir.1994)); *see also*, *Gehl Co. v. Commissioner*, 795 F.2d 1324, 1328 (7th Cir. 1986). Although 26 U.S.C. § 7805(a) authorizes the Secretary to prescribe "all needful rules and regulations for the enforcement of [Title 26, U.S.C.]," the Secretary is not obligated to promulgate unnecessary implementing regulations. *See Watts v. Internal Revenue Service*, 925 F. Supp. 271, 277 (D.N.J.1996) (holding that Internal Revenue

Code "has the force of law which Congress gave it, with or without implementing regulations.") An interpretive regulation is not necessary if the Congressional mandate of the Internal Revenue Code provision is clear. *See Granse*, 892 F.Supp. at 225. Moreover, there is no need for regulations regarding the jurisdiction of a district court because the statutes themselves also specifically vest jurisdiction. 26 U.S.C. §§ 7402(a), 7407(a), 7408(a). As such, this Court clearly has subject matter jurisdiction over this case.

Likewise, the court finds Plaintiff has stated a claim sufficient to withstand Defendant's motion to dismiss. The Court may enjoin an individual as "necessary or appropriate for the enforcement of the internal revenue laws;" a tax return preparer for engaging in conduct subject to penalty under 26 U.S.C. § 6694 (understating a person's tax liability by tax return preparer), or; an individual for engaging in conduct subject to penalty under 26 U.S.C. § 6701 (aiding or abetting understatement of tax liability). 26 U.S.C. §§ 7402(a), 7407, 7408. The United States has alleged that in 2008 and 2009, Defendant prepared tax returns for others that egregiously understated their tax liabilities, which clearly puts Defendant's conduct within the purview of §§ 7402, 7407 and 7408. As such, Plaintiff has alleged facts sufficient to state a claim for which relief may be granted. *Dubbs*, 336 F.3d at 1201.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's "Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction" (Doc. No. 11*)* be DENIED.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge