IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02381–WYD–KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS L. MORRIS, individually and d/b/a NUMBERS AND BEYOND,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Chief United States District Judge Wiley Y. Daniel on October 8, 2009. (Doc. No. 2.)

The United States filed its Complaint in this action on October 6, 2009, seeking to enjoin Defendant from acting as a tax return preparer under 26 U.S.C. §§ 7402, 7407, 7408. (Doc. No. 1, ¶ 1 [hereinafter "Compl."].) On October 13, 2009, this court set a Scheduling Conference for January 5, 2010. (Doc. No. 3.) That conference, upon request of the Plaintiff, was vacated and rescheduled for February 16, 2010 at 9:00 a.m. by Minute Order dated December 4, 2009. (Doc. No. 9.) A copy of the Minute Order rescheduling the conference was mailed to Defendant, and the mail was not returned to the Court. Defendant Curtis Morris, acting *pro se*, filed a Motion to Dismiss on December 30, 2009, which, at the time of the Scheduling Conference, remained

pending.[1]  On February 9, 2010, Plaintiff filed a Proposed Scheduling Order with attachments indicating attempted conferences with the Defendant and some input from the Defendant into the Proposed Scheduling Order.  (Doc. No. 18.)

Defendant failed to appear at the Scheduling Conference on February 16, 2010.  At the conference, Plaintiff's counsel stated he had been in contact with the Defendant, that the Defendant knew about the Scheduling Conference, and that Plaintiff's counsel was given no indication that Defendant was not intending to appear.  The court delayed the hearing for twenty minutes to allow the Defendant extra time to attend the hearing.  The weather on February 16, 2010, was clear with no snow or ice on the major traffic arteries.  The defendant has not, to date, contacted the court with any explanation for his failure to attend the Scheduling Conference.

On February 17, 2010, this court issued an Order to Show Cause directing Defendant to show cause in writing no later than March 10, 2010, why this court should not require Defendant to pay Plaintiff's costs and reasonable attorney's fees connected with the Scheduling Conference for Defendant's failure to appear for the Scheduling Conference, failure to comply with this court's Orders, and failure to cooperate with opposing counsel in the discovery process.  (Doc. No. 21 at 2.)  In the Order to Show Cause, Defendant was advised that further failure to comply with Court orders could result in a recommendation to the District Court that default judgment be entered against him.  (*Id.* at 3.)

---

[1]On April 6, 2010, this court filed its Recommendation that Defendant's "Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction" (Doc. No. 11) be denied.  (Doc. No. 25.)

On March 4, 2010, Defendant filed a letter addressed to this court, apparently in response to the Order to Show Cause. (Doc. No. 22.) In the letter, Defendant asserts, *inter alia*,

> I am at all times in memory a beneficiary on the several states on a judicial district on the county at large. As a private civilian, living man on the Elbert County at large, I am not eligible for any benefits in a purported federal venue. As a private civilian, living man, on the Elbert County at large, I am not eligible for any purported benefits in this state or within this or any state as a federal venue.
>
> As such, you have now been fully noticed that I do not consent to jurisdiction and that your Federal Municipal Corporation does not, and cannot have jurisdiction over me, a man on the land on one of the several counties at large. Please note that any further actions initiated by you will be dealt with in administrative law and shall be enforced to the full extent of commercial, admiralty, and any other law form that is necessary to insure my Sovereign Nature and beneficiary status.

(Doc. No. 22 at 3.)

Although the defendant is proceeding in this case without an attorney, he bears the responsibility of complying with court orders and cooperating with opposing counsel. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(vi) further provides that one of the "just orders" that the court may issue as a Rule 16(f) sanction is "rendering a default judgment against the disobedient party." Additionally, Rule 16(f) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including

attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

When determining the proper sanction the court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Considering these factors, the court finds that there is a high degree of prejudice to Plaintiff. Defendant's conduct has caused Plaintiff to expend time and money, including preparation of a Scheduling Order, with little input from Defendant, and appearance at the Scheduling Conference which Defendant refused to attend, apparently because of his "sovereign nature" and his belief that this Court lacks jurisdiction over him. Plaintiff has been unable to go forward with discovery because of Defendant's failure to comply with the Court's orders. Second, the court finds Defendant has interfered with the judicial process. Defendant has refused to comply with the Court's orders and has essentially refused to be a part of this litigation. The court has spent judicial resources on setting this action for a Scheduling Conference, monitoring this action, and preparing orders that would have been unnecessary had Defendant complied. Third, the court finds Defendant to be highly culpable. Fourth, the court has warned Defendant that his continued refusal to comply with the court's orders could result in sanctions, including default judgment.

Finally, the court must consider the efficacy of lesser sanctions. In *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir. 1987), the Tenth Circuit interpreted Rule 16(f)'s and Rule 37(b)(2)(A)(vi)'s authorization for imposition of default judgment. The *M.E.N. Co.* court explained that

> [b]ecause a default judgment is a harsh sanction, due process requires that [a party's] "failure" [to comply with scheduling or other court orders] is a sufficient ground only when it is the result of "wil[lful]ness, bad faith, or some fault of [that party]" rather than inability to comply. We have defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."

*M.E.N. Co.*, 834 F.2d at 872–73 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (internal alteration omitted); and *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)). Defendant failed to appear at the February 16, 2010 Scheduling Conference, and failed to comply with the court's Orders and Rule 16 of the Federal Rules of Civil Procedure. It is apparent from Defendant's Motion to Dismiss and his letter/response to the Order to Show Cause that Defendant's failure to appear for the Scheduling Conference, failure to comply with this court's Orders, and failure to cooperate with opposing counsel in the discovery process constitute "intentional failure[s]" rather than "involuntary noncompliance" with the court's orders. *See M.E.N. Co.*, 834 F.2d at 872–73. Moreover, it is apparent Defendant has no intention of complying with this court's orders or participating in this litigation and has not offered any acceptable explanation for his non-compliance. There is no lesser sanction that is appropriate under the circumstances. Thus far, none of the court's orders have produced cooperation by the defendant. It would be pointless to impose any lesser sanction on

Defendant, who has already demonstrated willful bad faith in repeatedly disregarding the court's rules and orders and failing to participate in the case.

In sum, judgment by default is an appropriate sanction pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A) and (C).

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS

(1) that judgment by default be entered against Defendant Curtis L. Morris pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi) for failure to appear for the Scheduling Conference, failure to comply with this court's Orders, failure to cooperate with opposing counsel in the discovery process, and failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure; and

(2) that Defendant be ordered, pursuant to Fed. R. Civ. P. 16(f)(2), to pay Plaintiff the reasonable expenses, including attorney fees, incurred by Plaintiff for the appearance at the Scheduling Conference.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).

*But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of April, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge