IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02381-WYD-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS L. MORRIS, individually; and d/b/a NUMBERS AND BEYOND,

    Defendant.

# ORDER

I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss (docket #11), filed December 30, 2009. The matter was referred to Magistrate Judge Tafoya for a Recommendation by Order of Reference dated October 8, 2009. Magistrate Judge Tafoya issued a Recommendation on April 6, 2010 (docket #25), which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that Defendant's Motion to Dismiss be denied.

On April 7, 2010, Magistrate Judge Tafoya issued a second Recommendation (docket #26) that default judgment be entered against the Defendant pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi) for failure to appear at the scheduling conference, failure to comply with court orders, failure to cooperate with opposing counsel during the discovery process, and failure to comply with this Court's Local

Rules and the Federal Rules of Civil Procedure.

Magistrate Judge Tafoya advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendations. On May 3, 2010, Defendant filed timely objections to both Recommendations which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II. BACKGROUND

On October 6, 2009, the United States ("Plaintiff") filed this action seeking to enjoin Defendant from preparing federal income tax returns pursuant to 26 U.S.C. §§ 7402, 7407 and 7408. Plaintiff alleged that Defendant prepared and filed over 140 frivolous tax returns in 2008 and 2009, requesting fraudulent refunds in excess of $55 million on behalf of his clients. As a result, Plaintiff asserted Defendant's actions caused the Internal Revenue Service to issue at least $1.9 million in erroneous tax refunds. Plaintiff further alleged that Defendant employed a scheme that is part of a growing trend amongst tax protestors to file frivolous tax returns and Forms 1099-OID (or to claim false original issue discount income) in an attempt to escape federal tax obligations and obtain large refunds from the Internal Revenue Service.

III. MOTION TO DISMISS

    A. Standard of Review

        1. Subject Matter Jurisdiction

As courts of limited jurisdiction, federal courts may only adjudicate cases that the

Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990). Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998). "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994). "Mere conclusory allegations of jurisdiction are not enough." *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999). Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where there is a facial attack, the Court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment. *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

2. <u>Failure to State a Claim Upon Which Relief Can be Granted</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 1950.

B. Recommendation

As stated earlier, Magistrate Judge Tafoya recommends that Defendant's Motion to Dismiss be denied. (Docket #25 at 7.) In the motion, Defendant argues that the Court lacks subject matter jurisdiction over this action because 26 U.S.C. §§ 7402, 7407 and 7408 have no corresponding "implementing regulation" and that Plaintiff failed to state a claim upon which relief can be granted.

Magistrate Judge Tafoya found these arguments to be without merit. She noted that courts have repeatedly rejected Defendant's contention that 26 U.S.C. §§ 7402, 7407, and 7408 have no corresponding "implementing regulation" which would confer jurisdiction on this Court. She stated that § 7805(a) of the Internal Revenue Code "is a general grant of authority by Congress to the Commissioner to promulgate — as necessary — 'interpretive regulations' stating the agency's views of what the existing

Code provisions already require." *Granse v. United States*, 892 F. Supp. 219, 224 (D. Minn. 1997), *aff'd* 112 F.3d 513 (8th Cir.1997) (*citing E.I. du Pont. de Neumours & Co. v. Comm'r of Internal Revenue*, 41 F.3d 130, 135 and n.20 (3rd Cir.1994)); *see also Gehl Co. v. Commissioner*, 795 F.2d 1324, 1328 (7th Cir. 1986). Magistrate Judge Tafoya further concluded that although 26 U.S.C. § 7805(a) authorizes the Secretary to prescribe "all needful rules and regulations for the enforcement of [Title 26, U.S.C.]," the Secretary is not obligated to promulgate unnecessary implementing regulations. *See Watts v. Internal Revenue Service*, 925 F. Supp. 271, 277 (D.N.J.1996) (holding that Internal Revenue Code "has the force of law which Congress gave it, with or without implementing regulations.") An interpretive regulation is not necessary if the Congressional mandate of the Internal Revenue Code provision is clear. *See Granse*, 892 F. Supp. at 225. Moreover, Magistrate Judge Tafoya determined that "there is no need for regulations regarding the jurisdiction of a district court because the statutes themselves also specifically vest jurisdiction. 26 U.S.C. §§ 7402(a), 7407(a), 7408(a)." (Docket # 25 at 6.) As such, she concluded that this Court clearly has subject matter jurisdiction over this case.

Magistrate Judge Tafoya also found that Plaintiff stated a claim that is plausible on its face pursuant to Fed. R. Civ. P. 12(b)(6). She stated that "[t]he Court may enjoin an individual as necessary or appropriate for the enforcement of the internal revenue laws; a tax return preparer for engaging in conduct subject to penalty under 26 U.S.C. § 6694 (understating a person's tax liability by tax return preparer), or; an individual for engaging in conduct subject to penalty under 26 U.S.C. § 6701 (aiding or abetting

understatement of tax liability). 26 U.S.C. §§ 7402(a), 7407, 7408." (Docket #25 at 7.) Here, Plaintiff asserts that Defendant prepared tax returns for others that egregiously understated tax liabilities, which clearly places Defendant's conduct within the purview of §§ 7402, 7407 and 7408. Accordingly, Magistrate Judge Tafoya concluded that Plaintiff alleged sufficient facts to state a claim that is plausible on its face.

C. Defendant's Objections

On May 3, 2010, Defendant filed timely objections to Magistrate Judge Tafoya's Recommendation. As a preliminary matter, I point out that it was difficult to determine the nature of Defendant's specific objections. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Here, Defendant's objections consist of numerous conclusory statements without any supporting argument or evidence. The Defendant spends considerable time reiterating his assertions that he is "not a person as such terms are distinguished in the Constitutions, both state and federal, and as such is not subject to the insolvent law, which includes all of the titles of the United States Code." (Docket #30 at 10.) As Magistrate Judge Tafoya noted in her Recommendation, these tax protestor arguments have been rejected as meritless and frivolous by many courts including the Tenth Circuit. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). "[C]ourts

-6-

. . . are not required to expend judicial resources endlessly entertaining repetitive arguments." *Id.* Accordingly, I summarily overrule any objections relating to tax protestor arguments that have already been rejected by a multitude of courts.

Defendant's remaining objections include the continued assertion that Magistrate Judge Tafoya lacks jurisdiction over this action without consent of the parties. I overrrule this objection. "'[F]ederal magistrate[ judges] are creatures of statute, and so is their jurisdiction.'" *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (*quoting NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir.1994)). "Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636." *Id.* "[W]here the parties did not consent to proceeding before the magistrate judge, see § 636(c)(1), the district court may designate a magistrate judge to consider various matters." *Id.* (*citing* § 636(b)). "These matters are generally categorized as 'dispositive' or 'non-dispositive,'. . . and a magistrate judge's authority with respect to each category is different:

> Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law'" standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* § 636(b)(1)(B), (C).

*Id.* (*citing Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). "Section 636(b)(1)(A) lists eight dispositive matters for which the magistrate judge's authority is limited, but this list is not exhaustive." *Id.* "'[M]otions not designated on their

face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have an identical effect.'" *Id.* (*quoting Ocelot Oil*, 847 F.2d at 1462). Here, pursuant to law and the Court's local rules, I designated Magistrate Judge Tafoya to conduct various proceedings in this civil action including issuing a recommendation on the pending motion to dismiss. Magistrate Judge Tafoya has appropriately exercised her jurisdiction over this case. Thus, Defendant's objections are overruled. I agree with Magistrate Judge Tafoya that Defendant's motion to dismiss should be denied.

IV. <u>RECOMMENDATION ON DEFAULT JUDGMENT</u>

On April 7, 2010, Magistrate Judge Tafoya issued a second Recommendation in this matter (docket #26). She recommends therein that default judgment be entered against the Defendant for demonstrating willful bad faith in repeatedly disregarding the Court's rules and orders and failing to participate in the case. In the Recommendation, Magistrate Judge Tafoya detailed the history of this case, which involved the Defendant's unexplained failure to appear at the scheduling conference, failure to respond to court orders including an order to show cause, failure to confer with Plaintiff's counsel regarding the proposed scheduling order and failure to cooperate in the discovery process. I also note that on February 17, 2010, Magistrate Judge Tafoya issued an Order to Show Cause advising the Defendant *inter alia* that "further failure to comply with Court orders could result in a recommendation to the District Court that default judge be entered against him [Defendant]." (Docket #26 at 2.) On March 4, 2010, Defendant responded with a letter stating, in essence, that he did not consent to

the Court's jurisdiction.

While I agree with Magistrate Judge Tafoya that Defendant's behavior has been unacceptable and in violation of court orders, I will not affirm a default judgment at this time. The Defendant is proceeding *pro se*, and "his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As such, I construe Defendant's March 4, 2010 letter to be a response to the Order to Show Cause. However, the Defendant is on notice that the Court rejects his arguments regarding lack of subject matter jurisdiction as meritless as set forth in this Order. I find that this Court has subject matter jurisdiction over this action and that Magistrate Judge Tafoya is authorized to preside over this case. The Court will not consider any future, similar arguments. As such, the Defendant is ordered to comply with all court orders, the local rules, and the federal rules of civil procedure or appropriate sanctions will be imposed including monetary penalties and default judgment. Accordingly, I set aside Magistrate Judge Tafoya's Recommendation that default judgment be entered at this time.

V.  CONCLUSION

After carefully reviewing Magistrate Judge Tafoya's Recommendations and Defendant's objections, I agree with Magistrate Judge Tafoya that Defendant's motion to dismiss should be denied for the reasons stated in both the Recommendation (docket #25) and this Order. Magistrate Judge Tafoya's Recommendation on the motion to dismiss (docket #25) is thorough, well reasoned and is adopted. Accordingly, Defendant's objections are overruled. Finally, for the reasons noted above, Magistrate

Judge Tafoya's Recommendation on the default judgment (docket #26) is set aside. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya (docket #25) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Defendant's Motion to Dismiss (docket #11) is **DENIED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Tafoya (docket #26) is **SET ASIDE and REJECTED.**

Dated: July 1, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge