IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02381–WYD–KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS L. MORRIS, individually and d/b/a NUMBERS AND BEYOND,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    The United States brought this action seeking to enjoin Defendant from acting as a tax return preparer under 26 U.S.C. §§ 7402, 7407, 7408. (Compl., ¶ 1.) This matter is before the court on the "United States' Motion for Summary Judgment" (Doc. No. 39, filed August 27, 2010 ["Mot."]). Defendant filed his Response on October 20, 2010. (Doc. No. 48 ["Resp."].) Plaintiff filed its Reply on November 3, 2010. (Doc. No. 50 ["Reply"].) This motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

The following undisputed facts[1] are taken from Plaintiff's Motion and the submissions of the parties with respect to this Recommendation. Defendant Curtis Morris is a tax return preparer in Elizabeth, Colorado. (Compl., ¶ 4; Doc. 10, "Sworn Notice and Affidavit of Fact" ["Morris Aff.] at 4.) Since at least 2008, Defendant has done business under the name Numbers and Beyond, which uses the same address as Defendant's personal residence in Elizabeth, Colorado. (Compl., ¶5; Morris Aff. at 4.) As part of his business, Defendant prepares and files frivolous tax returns for his customers, claiming large–but fraudulent–tax refunds based on submitting phony IRS forms to the government. (Decl. of Shauna Henline ["Henline Decl."], ¶¶ 6–7.) Since 2008, Defendant has prepared at least 149 such federal income tax returns, through which his customers have sought over $56 million in fraudulent refunds. (*Id.*, ¶ 6.) Although the IRS has been able to detect and stop most of the fraudulent claims, the IRS has issued at least $1.9 million in erroneous refunds as a result of Defendant's tax scheme. (*Id.* at ¶59).

Defendant's scheme involves submitting phony IRS Forms 1099-OID. (*Id.*, ¶ 7.) Original issue discount (OID) refers to the difference between the price for which a debt instrument is issued and the stated redemption price at maturity. (*Id.*, ¶10.) OID generally is

---

[1]In his Response, Defendant failed to respond to any of the Government's factual statements. By failing to respond, a party waives the right to controvert the facts asserted therein. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). Consequently, in analyzing Plaintiff's motion, this court must accept as true all material facts asserted by Plaintiff and properly supported in its motion. *Id.*

included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument. (*Id.*) OID is treated like a payment of interest, and the financial institution issuing an instrument generating OID must issue a Form 1099-OID information return to the taxpayer and to the IRS in accordance with 26 U.S.C. § 6049(d)(6). (*Id.*) Legitimate financial transactions exist that generate OID to taxpayers, but these transactions do not include the ones reported on the Forms 1099-OID that Defendant includes with his customers' returns. (*Id.*, ¶ 11.)

Defendant's scheme is rooted in the long discredited and rejected "straw man" or "redemption" theory. (*Id.*, ¶ 9.) Proponents of redemption theories espouse the position that taxpayers may access secret treasury accounts to satisfy their tax liabilities. (*Id.*) Proponents then espouse that phony IRS forms can be used to access these fictional treasury accounts. (*Id.*) To that end, on behalf of his customers, Defendant submits phony Forms 1099-OID purportedly issued or received by his customer to or from a creditor of the customer, usually a credit card company or a mortgage company. (*Id.*, ¶ 11.) The amount of the false "original issue discount" appears to be in an amount needed to satisfy the debt owed by the customer to the creditor. (*Id.*) The Forms 1099-OID submitted with Defendant's returns then report tax withholding for the phony "original issue discount." (*Id.*) Defendant claims the total amount of the false "original issue discount" income, giving his customer an inflated tax liability. (*Id.*) Defendant also includes the same amount as false withholding on the customer's return. (*Id.*) Defendant makes a purported adjustment though, eliminating the "original issue discount income," leaving just the fake withholding, resulting in a huge false refund claim. (*Id.*)

## STANDARD OF REVIEW

*1.*     **Pro Se** *Defendant*

Because Defendant is proceeding *pro se*, the court has construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*2.*     *Summary Judgment*

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e)(2). A disputed fact is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict

for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Defendant is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

Plaintiff moves for summary judgment seeking a permanent injunction under 26 U.S.C. §§ 7402, 7407 and 7408 to prevent Defendant from further violating the Internal Revenue Code and from harming his customers and the government. (Mot. at 9.)

Under § 7407, courts may enjoin federal tax return preparers who continually or repeatedly violate 26 U.S.C. § 6694, which prohibits the preparation or submission of a return containing an unreasonable position. Under § 7408, courts may also enjoin those (not just tax return preparers) who engage in conduct subject to penalty under 26 U.S.C. § 6701, which prohibits the preparation of returns or other documents that the person knows will result in the understatement of tax liability. Finally, under 26 U.S.C. § 7402(a), courts may enjoin the defendant if "necessary and appropriate for the enforcement of the internal revenue laws." Plaintiff argues Defendant's conduct warrants injunctive relief under all three statutes. (Mot. at 10–15.)

*1.   26 U.S.C. §§ 7407 and 7408*

For the Court to enjoin Defendant under 26 U.S.C. § 7407, Plaintiff must show that: 1) he is a tax return preparer; 2) his conduct falls within one of four areas of proscribed conduct (26 U.S.C. § 7407(b)(1)(A)-(D)); and 3) that injunctive relief is appropriate to prevent recurrence of this conduct.[2] Similarly, under 26 U.S.C. § 7408(b), Plaintiff must show that Defendant has engaged in specified conduct (defined in 26 U.S.C. § 7408(c)) and that injunctive relief is appropriate to prevent recurrence of such conduct. In order to obtain relief in a

---

[2]It is undisputed that Defendant is a tax return preparer for purposes of 26 U.S.C. § 7407. A tax return preparer is "any person who prepares for compensation . . . any return of tax imposed by [the Internal Revenue Code] or any claim for refund of tax imposed by [the Internal Revenue Code]." 26 U.S.C. § 7701(a)(36). Defendant signed each of the returns as the paid tax return preparer. Additionally, on many of the returns, he included his Social Security number where his company, Numbers and Beyond, should have included its Employer Identification Number.

6

statutory-injunction action such as this, the plaintiff must demonstrate that the defendant has violated a statute and that a reasonable likelihood of future violations exists. *SEC v. Comserv Corp.*, 908 F.2d 1407, 1412 (8th Cir. 1990); *United States v. Kaun*, 827 F.2d 1144, 1148 (7th Cir. 1987); *United States v. Justice*, No. 05-cv-00820-TS, 2006 WL 1402197, at *1 (D. Utah. Apr. 4, 2006). Each of the statutory factors is addressed below.

### A. *Repeated Engagement in Proscribed Conduct*

Under both 26 U.S.C. § 7407 and 7408, Plaintiff must show that Defendant engaged in proscribed conduct to warrant injunctive relief. Plaintiff argues that Defendant engaged in conduct subject to penalty under 26 U.S.C. § 6694–which is proscribed conduct under 26 U.S.C. § 7407(b)(1)(A)–and in conduct subject to penalty under 26 U.S.C. § 6701–which is proscribed conduct under 26 U.S.C. § 7408(c)(1). (Mot. at 11 [citing *United States v. Kapp*, 564 F.3d 1103, 1109 (9th Cir. 2009); *United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004)].) Section 6694 penalizes return preparers who prepare "a return with understated liability due to an unreasonable position not supported by substantial authority." Likewise, Section 6701 imposes penalties on any person who prepares or assists in the preparation of "any portion of a return, affidavit, claim, or other document" that he "knows (or has reason to believe) will be used in connection with any material matter" under the Internal Revenue Code and that he knows will "result in an understatement of the liability for tax."

The undisputed evidence provided with Plaintiff's Motion, including the Declaration of Shauna Henline and the exhibits to it, shows that Defendant repeatedly prepared and filed preposterous federal income tax returns reporting false income tax withholding and false interest

income, and then requested fraudulent refunds on behalf of his customers. (*See* Henline Decl.) Having prepared at least 149 tax returns claiming more than $56 million in fraudulent refunds, Defendant repeatedly understated his customers' tax liabilities by taking unreasonable and frivolous positions. (*Id.*, ¶¶ 6, 7.) In support of these tax returns, Defendant prepared phony IRS Forms 1099-OID and Schedule B, claiming bogus tax withholding and interest income amounts aimed at generating false refunds that he knew would result in a understatement of his customers' liabilities because the only purpose for the returns was to generate large refund claims. (*Id.* ¶¶ 7–11.)

Defendant failed to respond to any of the Plaintiff's factual statements or to submit affidavits or legal arguments. Instead, Defendant presents tax protestor arguments similar to those he made in his Motion to Dismiss (Doc. No. 11), which have already been rejected as meritless and frivolous by Chief District Judge Daniel in his Order denying the Motion to Dismiss (Doc. No. 34), and by many courts, including the Tenth Circuit. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). This court declines to address Defendant's frivolous tax protester arguments again. "[C]ourts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments." *Id.*

Regardless of the nature of Defendant's Response and his failure to provide any evidence to demonstrate a genuine issue for trial on a material matter, *Concrete Works, Inc.*, 36 F.3d at 1518, the Tenth Circuit has instructed that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, the court must still

determine that judgment for the moving party is "appropriate" under Fed. R. Civ. P. 56. *Id.* This court finds that Plaintiff has met its burden of showing an absence of evidence to support Defendant's case. *See Celotex Corp.*, 477 U.S. at 325. Therefore, this court finds Defendant violated § 6694 and § 6701, and injunctive relief is appropriate under § 7407 and § 7408.

### *B.     Injunction Necessary to Prevent Recurrence*

Plaintiff argues that the Court should enter a permanent injunction to stop Defendant from preparing tax returns because it is likely that he will continue to prepare and submit bogus tax returns. (Mot. at 12–13.) Under both §7407 and § 7408, Plaintiff must show that injunctive relief is appropriate to prevent recurrence of the conduct. Determination of the likelihood of future violations requires analysis of several factors, such as 1) the gravity of the harm caused by the offense; 2) the extent of the defendant's participation; 3) the defendant's degree of scienter; 4) the isolated or recurrent nature of the infraction; 5) the defendant's recognition (or non-recognition) of his own culpability; and 6) the likelihood that the defendant's occupation would place him in a position where future violations could be anticipated. *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1105 (9th Cir. 2000); *see also SEC v. Pros Intern., Inc.*, 994 F.2d 767, 769 (10th Cir. 1993) (evaluating likelihood of future violations in securities case using same standards). The seriousness of Defendant's violation is significant, as his returns have made fraudulent claims exceeding $56 million, and the IRS has issued $1.9 million in erroneous refunds. Defendant signed and prepared the tax returns on behalf of his customers and was a central participant in the scheme, evidencing his participation and scienter in the offenses. Defendant's conduct is not isolated to a few returns, but rather extends to almost 150 returns in a

two-year period. Defendant has not recognized his wrongful conduct or given sincere assurances against future violations. To the contrary, Defendant's own filings in this case indicate his dedication to stand by his frivolous positions. Finally, Defendant's self-proclaimed occupation as a tax return preparer presents significant opportunity for future violations. Taking all of the factors into consideration, the court finds it very likely Defendant's conduct will recur. Thus, a permanent injunction barring Defendant from working as a tax return preparer is warranted and necessary to prevent him from further harming the government or his customers.

### *2.      26 U.S.C. § 7402*

Section 7402(a) of the Internal Revenue Code grants courts broad authority to issue "writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." An injunction under § 7402 can be issued "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." *Id.* Like § 7407 and § 7408, because § 7402 sets forth the criteria necessary for injunctive relief, the traditional equitable factors, including a showing of irreparable harm, need not be proved. *See Atchison, Topeka & Santa Fe R.R. Co. v. Lennen*, 640 F.2d 255, 259 (10th Cir. 1981).

Plaintiff seeks an injunction under 7402 barring Defendant from preparing returns for others. (Mot. at 13–15.) Plaintiff also seeks an order requiring Defendant to notify his customers of the Court's findings and to enclose a copy of the permanent injunction order, arguing that, 26 U.S.C. § 7402(a) grants this Court broad authority to fashion relief to prevent interference with the internal revenue laws. (*Id.* [citing *United States v. First Nat'l City Bank*,

379 U.S. 378, 383–84 (1965). Plaintiff also argues that other courts have granted the United States similar affirmative relief. (*Id.* [citing *United States v. Benson*, 561 F.3d 718, 727 (7th Cir. 2009). Plaintiff further contends that "[p]roduction of a customer list allows the United States to continue to identify Morris's customers, 'both to warn them of the falsity and ineffectiveness of [his] claims, and to enforce the income tax laws.'" (*Id.* [citing *Benson*].) The court agrees.

WHEREFORE, this court respectfully

RECOMMENDS that the "United States' Motion for Summary Judgment" (Doc. No. 39) be GRANTED, as follows:

Defendant Curtis Morris, individually and doing business as Numbers and Beyond, should be enjoined, under 26 U.S.C. §§ 7402, 7407, and 7408 from the following activities:

1.	Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return, amended return, or other related documents or forms for any other person or entity;

2.	Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false Forms 1099-OID or claiming false OID income based on the false claim that:

a.	Taxpayers can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID or other documents;

   b.  Taxpayers can issue false Forms 1099-OID to a creditor and report the amount on the false Form 1099-OID as income taxes withheld on their behalf;

   c.  Taxpayers have a secret account with the Treasury Department, which they can use to pay their debts or which they can draw on for tax refunds through a process that is often termed "redemption" or "commercial redemption" by promoters of this tax-fraud scheme.

   3.  Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making or furnishing a statement regarding the excludability of income or securing any other tax benefit that he knows or has reason to know is false or fraudulent as to any material matter;

   4.  Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing tax returns and other documents that understate the tax liabilities of others;

   5.  Preparing his own federal income tax returns claiming income withholding and refunds based on amounts shown in Forms 1099-OID issued to his creditors;

   6.  Filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040, Forms 1040X or Forms 1099 for himself or others;

   7.  Representing anyone other than himself before the Internal Revenue Service; and

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of January, 2011.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge